675 So.2d 215 (1996)
M.S., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2888.
District Court of Appeal of Florida, Fourth District.
June 5, 1996.
*216 Richard L. Jorandby, Public Defender and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, who was fifteen at the time of these events, pled no contest to simple battery and was committed to a level 8 program for "an indeterminate period of time, not longer than: a) nineteenth birthday; b) the maximum sentence allowable by law...." The order should have specified a commitment for one year[1], the maximum allowable sentence for this misdemeanor, because otherwise his sentence could be construed as running until his nineteenth birthday. We disagree with his additional argument that the court did not state reasons for the commitment to level 8 instead of the recommended level 6. Section 39.052(3)(e)3, Florida Statutes (1993) requires that the court "state for the record" the reasons, and that was met in this case by the court's statements which were transcribed.
Affirmed in part and reversed in part.
STONE, KLEIN and PARIENTE, JJ., concur.
NOTES
[1] Sentencing appellant to the "maximum sentence allowable by law" is, in our opinion, not recommended, because it requires additional research to determine when appellant's sentence has been completed.